IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WENDY MASSEY** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **UNITED STATES** | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Wendy Massey ("Massey") ("Plaintiff"), and files this Original Complaint pursuant to The Federal Tort Claims Act ("FTCA"), 28 USC §1346(b). The actions of Gerardo Miranda, an agent and employee for the Department of Homeland Security, both agents of the United States, caused damages to Plaintiff under applicable Texas law. Therefore, Plaintiff brings her claims solely against the United States under the FTCA for the actions of its employees and/or agents. In support, Plaintiff respectfully shows the Court as follows:

## PARTIES

1. Plaintiff is a resident of Montgomery County, Texas who may be served and contacted through her undersigned counsel.

2. Defendant United States is sued for the personal injuries of Massey, caused by the negligent or wrongful acts of its employees and/or agents. As described fully below, those employees and agents were acting within the scope of their office or employment under circumstances where the United States, if a private defendant, would be found liable to Plaintiff under Texas law. See 28 USC §1346(b). The United States may be served with process through the Office of the General Counsel, located at 202 Independence Avenue Southwest, Washington, D.C. 20201.

## JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1346(b) because the suit involves a claim against the United States for injury caused by the negligent act and omissions of a government employee while acting within the scope of his office and employment.

## VENUE

4. Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1402(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or occurred.

6. Plaintiff timely presented this claim in writing to the Department of Homeland Security. This suit is filed within six months after the agency's final written notice of its denial of the claim.

## RESPONDEAT SUPERIOR

7. Defendant is legally responsible to the Plaintiff for the acts and omissions of their employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency, and/or ostensible agency. As a result thereof, the Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of their employees, agents, servants, and representatives.

## MISNOMER/ALTER-EGO

8. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interests of justice.

## FACTS

9. On or about October 11, 2017, Plaintiff was traveling on the bicycle pathway, the Greenbelt Trail, on a bicycle, approaching the intersection with Meadow Springs. Defendant's employee, Gerardo Miranda, driving in a Federal Government vehicle then came to a stop at the same intersection, perpendicular to Massey's position. Having the right of way, Massey proceeded to cross the intersection. Not looking to see that a bicyclist was already in motion, Miranda proceeded forwarded and ran over Massey. Massey suffered serious and significant bodily injury, including her neck, brain, hips, and knees.

## FEDERAL TORT CLAIMS ACT

10. The acts and omission by Defendant's employees and/or agents was wrongful and negligent. Specifically, Defendant's employees and/or agents were acting in the course and scope of their office and employment and had a duty to exercise ordinary care while driving a vehicle and following the state law rules of the road. Under the laws of the State of Texas, a driver is to follow the Texas Transportation Code and would be liable to Plaintiff for the acts and omissions in violation of the Texas Transportation Code. Under 28 U.S.C §2674, the United States is liable to Plaintiff for his damages resulting from the personal injury described below.

## CAUSE OF ACTION
### Negligence

11. Defendant is negligent and negligent *per se* for the following reasons:

    a. Failing to keep a proper lookout;

    b. Failing to yield the right of way at an intersection (TEX. TRANSP. CODE §545.153);

    c. Failing to stop at a designated point (TEX. TRANSP. CODE §544.010);

    d. Failing to adequately and timely apply the brakes;

    e.  Driving while distracted; and

    f.  Other acts deemed negligent.

12. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

## RES IPSA LOQUITOR

13. The conditions and/or instrumentalities involved in the incident(s) complained of herein were under the management and control of the Defendant, and/or its agents, servants, and employees. The character of the events and circumstances causing the Plaintiff's' injuries would not ordinarily occur in the absence of negligence and, under these circumstances, the Defendant's negligence must be inferred under the Doctrine of Res Ipsa Loquitor as the doctrine is understood by law.

## DAMAGES

14. Plaintiff incorporates Paragraphs 1 through 13 by reference.

15. As a direct and proximate result of the acts and omissions outlined above, the Plaintiff has been severely damaged. The conduct of Defendant's employees and or agents caused physical pain and loss, economic losses, loss of consortium, future medical expenses, future care, as well as emotional distress, mental anguish, and trauma.

16. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate them for the following damages:

    a.  Medical, hospital, and pharmaceutical charges and expenses in the past;

    b.  Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

    c. Past, present, and future mental anguish;

    d. Pain and suffering in the past;

    e. Pain and suffering that, in reasonable probability, will be suffered in the future;

    f. Disability and impairment in the past; and

    g. Disability and impairment that, in reasonable probability, will occur in the future;

17. Plaintiff has suffered damages from Defendant's agents and/or employees wrongful conduct described herein. Accordingly, Plaintiff is seeking damages of $250.000.00.

## PRAYER

For these reasons, Plaintiff seeks judgment against Defendant for:

    a. compensatory and actual damages in an amount deemed sufficient by the trier of fact;

    b. costs of court;

    c. interest allowed by law for prejudgment and/or post-judgment interest; and

    d. such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

PARANJPE MAHADASS RUEMKE LLP
By: /s/ Tej R. Paranjpe
Tej R. Paranjpe
Texas State Bar No. 24071829
LEAD COUNSEL

Benjamin H. Ruemke
Texas State Bar No. 24079250

3701 Kirby Drive, Suite 530
Houston, Texas 77098
(832) 667-7700 (Telephone)
(832) 202-2018 (Facsimile)
tparanjpe@pandmllp.com
bruemke@pandmllp.com