United States District Court
Southern District of Texas
**ENTERED**
August 03, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WENDY MASSEY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-2030 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Bicycles and cars can be a dangerous combination.  When they collide, litigation often follows.  Wendy Massey sues to recover damages for personal injuries she received when she was riding her bicycle and collided with a Department of Homeland Security vehicle.  An employee, Gerardo Miranda, was driving the vehicle in the course of his job.  (Docket Entry No. 1 at ¶¶ 9, 15–17).  The United States has moved for summary judgment, arguing that (1) there is no evidence supporting an inference that Miranda was negligent or caused the collision and (2) the undisputed record evidence shows that the collision occurred because Massey failed to obey a bike path stop sign at the intersection of the bike path and the road.  (Docket Entry No. 27 at 1–2).  Massey responds that the government's motion is premature because no depositions have taken place.  She argues that there are factual disputes material to deciding each party's responsibility for the collision.  (Docket Entry No. 28).

Based on a careful review of the pleadings, the motion, response, reply, and surreply, the record, and the applicable law, the court grants the government's motion for summary judgment and enters final judgment by separate order.  The reasons are set out in detail below.

## I.      Background

In October 2017, in the morning, Massey was cycling on a designated bike path in Houston, Texas.  (Docket Entry No. 28-3 at 2).  Special Agent Miranda, a Department of Homeland Security employee, was driving, in the course of his job, a government vehicle in a street.  He collided with Massey at the intersection of the street and the bike path.  (*Id.*; Docket Entry No. 1 at ¶ 9).  Massey sustained "serious and significant bodily injury."  (Docket Entry No. 1 at ¶ 9).

There was a stop sign at the intersection.  (*Id.*).  Houston Police Officer Leyba arrived on the scene after the accident, took Massey's and Miranda's statements, and wrote a narrative report describing the events.  (Docket Entry No. 27 at 3–4; Docket Entry Nos. 27-2, 28-3).  The report stated that Massey "came off the [] Trail onto the public street" without "yield[ing] for traffic" and rode in front of Miranda as his vehicle "pulled away from the street."  (Docket Entry No. 27-2 at 2).  The report stated that the bike trail had "yellow stripes with stop written on it before entering the intersection."  (*Id.*).  The officer cited Massey for failing to yield and for "not wearing a helmet."  (*Id.*).

In June 2019, Massey sued the government.  (Docket Entry No. 1).  Massey alleges that she was the "first to the intersection" and that when she "proceeded to cross . . . [Miranda] accelerated . . . and ran directly into [Massey], sending her flying off her bike onto the pavement."  (Docket Entry No. 28 at 3).  Massey alleges that Miranda negligently "fail[ed] to keep a proper lookout," "fail[ed] to adequately and timely apply the brakes," "dr[ove] while distracted," and failed to stop and yield the right of way, in compliance with the Texas Transportation Code.  TEX. TRANSP. CODE §§ 545.153, 544.010; (Docket Entry No. 1 at ¶¶ 11, 13).

After discovery, the United States moved for summary judgment, Massey responded, and the government replied.  (Docket Entry Nos. 27, 28, 29, 30).

The summary judgment record consists of the parties' initial disclosures (Docket Entry Nos. 24, 25); Miranda's affidavit, (Docket Entry No. 27-1); the Texas Police Officer's Crash Report, including each party's statement as well as photographs of the intersection and the vehicles after the accident, (Docket Entry No. 27-2); Massey's affidavit, (Docket Entry No. 28); email correspondence between counsel, (Docket Entry No. 28-4); and plaintiff's counsel's affidavit, (Docket Entry No. 28-5). The motion is considered in light of the evidence in the record and the legal standards.

## II.    The Legal Standards

### A.    Summary Judgment

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*,

783 F.3d 527, 536 (5th Cir. 2015)).  The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).  "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response."  *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).  The nonmovant must identify specific evidence in the record and articulate "the precise manner in which" that evidence supports that party's claim.  *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).  "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotation omitted).  In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor."  *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (per curiam)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.     The Federal Tort Claims Act and the Negligence Claim**

Under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the United States is liable for the negligence of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Act is the exclusive remedy for tort claims against the United States or its agencies. Under the Act, no lawsuit may be brought against the United States unless the claim is first presented to the appropriate federal agency. 28 U.S.C. § 2675(a). Massey met this administrative exhaustion requirement when, in October 2018, she filed her claim with the Department of Homeland Security, which denied it. (Docket Entry No. 27 at 3).

In a Federal Tort Claims Act case, the law of the state where the alleged act or omission occurred governs. *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1450 (5th Cir. 1990). Texas law applies. In Texas, the elements of a negligence cause of action are "the existence of a duty, a breach of that duty, and damages proximately caused by the breach." *West Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The duty is to act as a reasonably prudent person under the same or similar circumstances, considering the reasonably foreseeable risk of injury to another. *Chambers v. United States*, 656 F. Supp. 1447, 1455 (S.D. Tex. 1987). Proximate cause consists of both cause-in-fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). Cause-in-fact is established when the act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred. *West Invs., Inc.*, 162 S.W.3d at 551. Although "Texas courts routinely hold that proximate causation is a fact question within the jury's province," *Berry Prop. Mgmt. v. Bliskey*, 850 S.W.2d 644, 656 (Tex. App.--Corpus Christi 1993, writ dism'd by agr.), proximate is a question of law "if the circumstances are such that . . .

5

reasonable minds could not arrive at different conclusions." *Mo. Pac. R.R. Co. v. Am. Statesman*, 552 S.W.2d 99, 104–05 (Tex. 1977).

Under Texas law, a plaintiff's contributory or comparative negligence bars recovery if he or she is 50 percent responsible. If the plaintiff is less than 50 percent responsible, that diminishes but does not preclude recovery. *Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987).

## III.   Analysis

### A.   No Facts Show that Miranda Did Not Obey the Stop Sign

The government argues that "no facts . . . support a case of negligence," relying on Miranda's affidavit, Officer Leyba's report, and the facts Massey pleaded in her complaint. (Docket Entry No. 27 at 1).  The government argues that the record shows that Miranda was not negligent as a matter of law, because the evidence shows that he obeyed the traffic laws, stopping at the stop sign at the intersection, and no record evidence contradicts these facts.  In his affidavit, Miranda states that "while driving a government vehicle within the scope of [his] duties," he "came to a full stop," "look[ed] to his left and right and back again," and "inched forward" before emerging into the intersection.  (*Id.* at 2; Docket Entry No. 27-1 at ¶¶ 1–2).  Massey's complaint asserts that the "Federal Government vehicle came to a stop . . . at the same intersection."  (Docket Entry No. 1 at ¶ 9).  Massey made the same observation in her statement to Officer Leyba: "I saw the truck stop."  (Docket Entry No. 27-2 at 4).  The parties appeared to agree that Miranda had come to a full stop at the intersection before the collision occurred.

Massey's later affidavit, attached to her summary judgment response, diverges from this narrative and states that "[Miranda] was slowing *as if* to stop."  (Docket Entry No. 28-1; Docket Entry No. 29 at 2–3). The government argues that this "effort to create an issue of fact . . . contradicts [Massey's] own complaint allegations and statement to the Houston Police officer."

6

(Docket Entry No. 29 at 2–3). The record, including Massey's own pleadings and statement to Officer Leyba, "blatantly contradict[s]" the notion that Miranda failed to stop at the intersection. *Scott*, 550 U.S. at 380.

### B.      No Facts Show that Massey Obeyed the Bike Trail Stop Sign

Miranda attached to his affidavit photos showing that the intersection of the bike trail and street "had three large yellow stripes that precede[d] a large yellow 'STOP' sign painted on the bike path." (Docket Entry No. 27-1 at ¶ 3).  According to Miranda, "Massey disregarded the stop sign and entered the public street directly in the path of [Miranda's] vehicle," giving Miranda no time "to react to avoid the collision." (*Id.* at ¶ 6).

The government argues that neither Massey's complaint nor record evidence shows that she stopped at the yellow stop sign on the bike path before entering the intersection.  (Docket Entry No. 1 at ¶ 9).  Massey alleged that she "ha[d] the right of way" and that Miranda failed to "see that a bicyclist was already in motion," but neither Massey's complaint nor response contradict the government's assertion she failed to stop at the yellow stop sign.  (*Id.*).  Massey's affidavit states that she "slowed [her] bike down to stop or yield to any cars," but she makes no mention of stopping. (Docket Entry No. 28-1).  Nor does Massey's response contradict Miranda's statement that "he reasonably expected all cyclists exiting the bike path to obey the law and stop at the sign." (Docket Entry No. 27-1; Docket Entry No. 28).

The government's Rule 56 motion cites Officer Leyba's statements in his report that, after arriving on the scene and interviewing Miranda and Massey, he "cited Ms. Massey for failing to yield and for not wearing a helmet."  (*Id.* at ¶ 9; Docket Entry No. 27 at 1; Docket Entry 27-2). Officer Leyba's report noted that neither the bicycle nor the vehicle appeared damaged after the collision.  (Docket Entry 27 at 3; Docket Entry No. 27-2).  The government argues that the lack of

damage, which the photographs corroborate, contradicts Massey's assertion that Miranda "ran over Massey." (Docket Entry No. 1 at ¶ 9; Docket Entry No. 27 at 3; Docket Entry No. 27-2).

The government also argues that "Ms. Massey was clearly more than 50% negligent and caused her accident when she disregarded a stop sign" and instead "chose to steer in front of [Miranda's] vehicle." (Docket Entry No. 27 at 1–2; Docket Entry No 27-1 at ¶ 5). Massey responds that a "self-serving affidavit" is an unsound basis to assert a "lack of material evidence . . . that Miranda was negligent and caused the accident." (Docket Entry No. 28 at 4). But the affidavit is in addition to and consistent with photographs, the police report, and Massey's own pleadings. And there were no witnesses to the accident other than Miranda and Massey. (Docket Entry No. 1; Docket Entry No. 29 at 2).

Massey contends that the Rule 56 summary judgment motion is premature because "[n]o depositions have taken place" and "the discovery period is still open." (Docket Entry No. 28 at 1). In April 2020, plaintiff's counsel "offered [Massey] for Deposition via Zoom," but defense counsel declined. (*Id.* at 5; Docket Entry No. 28-4). In May 2020, and in June 2020, plaintiff's counsel initiated further communication to "set up [Massey]'s deposition," but "there was no response" and then "the Defendant filed its Motion for summary Judgment." (Docket Entry No. 28 at 5). Massey states that had she "known that the Defendant planned to move for summary judgment rather than first noticing depositions," then she "would have noticed the depositions herself." (*Id.* at 5).

"[A]ny party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showing"; it is not enough to make "the simple claim that discovery has not closed." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756, n.9 (5th Cir. 2005)

(rejecting the plaintiff's contention that she was not asking for additional discovery solely because the discovery period was still open).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). "Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).

"Nevertheless, non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Id.* (quoting *Raby*, 600 F.3d at 561). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("[A] plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

9

Massey asks for additional time because the discovery period has not ended, and she has not yet deposed "the parties or their agents." (Docket Entry No. 28 at 6). Massey includes an affidavit stating, in relevant part, that she "requires additional time for discovery to obtain additional evidence supporting her claims. Specifically, [Massey] needs to depose both Parties to this lawsuit and conduct additional discovery requests if new information is obtained." (Docket Entry No. 28-5).

Massey fails to make the showing that Rule 56(d) requires. Massey does not state what specific deposition testimony or what information is lacking that is necessary for her to frame a response to the motion for summary judgment. Instead she makes only broad generalizations about the need for additional discovery. (Docket Entry No. 28-5). Massey fails to identify the specific facts she wants to develop in further discovery. Massey does not describe the witnesses or facts that "probably exist." Nor does she explain how more facts, "if adduced, will influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894.

Massey filed this suit in June 2019, has received answers to her interrogatories, and has had an opportunity to identify facts or promising avenues to obtain facts, under Rule 56(d), to support her claim. She has not pointed to evidence giving rise to a genuine factual dispute material to determining whether Massey or Miranda failed to stop at the intersection. Massey cannot survive summary judgment with the conclusory allegations that Miranda "did not look both ways."

**IV.   Conclusion**

The defendant's motion for summary judgment, (Docket Entry No. 27), is granted.  Final

judgment is entered by separate order.

SIGNED on August 3, 2020, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge